# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KILMER JONATHAN MAGANA-CALDERON,<br><br>                    Petitioner,<br><br>       v.<br><br>MARKWAYNE MULLIN, ET AL.,<br><br>                    Respondents. | Case No. 5:26-cv-04143-MBK<br><br>ORDER GRANTING PETITION AND ISSUING A WRIT OF HABEAS CORPUS |

Petitioner Kilmer Jonathan Magana-Calderon, a native and citizen of El Salvador, is in the custody of the Department of Homeland Security ("DHS") at the Desert View Annex Facility. Mr. Magana-Calderon entered the United States in 2002, when he was a child, and later was granted Deferred Action for Childhood Arrivals ("DACA") protection. Mr. Magana-Calderon is employed as a sales associate at a business located within Los Angeles International Airport.

On July 16, 2026, Mr. Magana-Calderon reported as required for a biometrics appointment. When he reported for this appointment, Immigration and Customs Enforcement ("ICE") officers arrested and detained him and

later transported him to Desert View Annex Detention Facility, where he remains today.

Mr. Magana-Calderon filed the instant habeas petition on July 23, 2026. He argues that his sudden re-detention and continued confinement violate procedural due process. Among other relief, Petitioner requests the Court order his immediate release subject to the same conditions of supervision previously in place and enjoin Respondents from re-detaining him absent notice and a hearing. On July 29, 2026, Respondents filed an Answer acknowledging that Petitioner appears to be a member of the *Bautista v. Santacruz* class. *See Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), but do not address Petitioner's due process claims in their Answer.

Because Respondents do not oppose Petitioner's due process claims, the Court concludes that Petitioner is entitled to release because his re-detention without notice, a pre-deprivation hearing, or a material change in circumstances violated due process.

## I.   FACTS AND PROCEDURAL HISTORY

Petitioner Kilmer Jonathan Magana-Calderon is a 26-year-old native and citizen of El Salvador. Dkt. 1 at 11. Petitioner entered the United States in 2002 and has resided in the United States since that time. *Id.* He completed primary school education and graduated from high school in the United States. *Id.* Over the past few years, the Government granted Petitioner DACA and employment authorization. *Id.* He has no criminal history in the United States. *Id.*

Petitioner currently works as a sales associate at a business located inside the Los Angeles International Airport. *Id.* This employment required an extensive background check and, each day, he passes through security

check point in and out of the airport. *Id.* This employment is "heavily monitored by the Department of Homeland Security." *Id.*

On July 16, 2026, Petitioner reported as required for a biometrics appointment. *Id.* When he appeared for the appointment, ICE officers arrested and detained him, and later transferred him to Desert View Annex Detention Facility. *Id.* Prior to arresting Petitioner, immigration officers did not provide him notice that he may be detained, an explanation for his detention, or an opportunity to argue that he should not be detained. *Id.* at 12. Following his arrest, ICE placed Petitioner in removal proceedings and filed a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). *Id.*

Petitioner filed the instant habeas petition on July 23, 2026. Dkt. 1. Petitioner argues his re-detention without notice or a hearing violates due process because he was not provided adequate pre-deprivation process and there was no material change in circumstances requiring his detention. *Id.* at 14-28. Petitioner requests that the Court issue an order requiring his immediate release subject to the same conditions of supervision as were in place prior to his re-detention, and to enjoin Respondents from re-detaining Petitioner absent a demonstration of materially changed circumstances, notice, and an opportunity to be heard. *Id.* at 26-27.

Respondents filed an Answer on July 29, 2026. Dkt. 8. Respondents acknowledge that Petitioner appears to be a member of the *Bautista v. Santacruz* class. *See Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Respondents therefore concede that Petitioner is entitled to a bond hearing under Section 1226(a), consistent with the *Bautista* judgment. Dkt. 8 at 2. Respondents' Answer did not address Petitioner Magana-Calderon's due process claims. Petitioner filed his reply on

July 29, 2026, as well. Dkt. 9.

## II.    DISCUSSION

Petitioner Magana-Calderon argues that his re-detention without notice or a pre-deprivation hearing violates procedural due process. Dkt. 1 at 15-21. He also argues that his re-detention violates due process because the Government has not shown any change in circumstances requiring his detention. *Id.* at 22-24. Based on these alleged due process violations, Petitioner requests the Court order his immediate release from custody and prohibit Respondents from re-detaining him absent a pre-deprivation hearing where the Government must show materially changed circumstances warranting his detention. *Id.* at 28-29.

Respondents do not address Petitioner's due process claims in their Answer. The Answer consists of two pages that notifies the Court that Petitioner "appears" to be a *Bautista* class member. Dkt. 8 at 2. The Answer does not acknowledge Petitioner's other claims, or indicate whether Respondents oppose the claims and, if so, on what basis. This is despite the fact that these claims seek Petitioner's immediate release—not a bond hearing.

Respondents' failure to contest Petitioner's due process claims in their Answer is a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). *See also N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL

4

3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."; *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Rojas v. Mullin*, No. 26-cv-1437-FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-cv-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim").

"To the extent that respondents' non-opposition to a bond hearing implies opposition to release, an implication is not an argument." *Luis Alfredo Barajas-Bautista v. Warden, Desert View Annex, et al.*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *1 (C.D. Cal. July 13, 2026); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr., et al.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *1 (C.D. Cal. July 27, 2026) (granting release where "Petitioner argued for release, Respondents did not respond to that argument—instead, they merely conceded his eligibility for a lesser form of relief that Petitioner sought in the alternative and registered their opposition to any other form of relief."). Where the "government does not offer any argument on the merits" of the claims in the petition, "it has waived any challenge to the arguments [ ] raised." *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017). "The court is 'not a roving commission' charged with making respondents' case for them."

*Barajas-Bautista*, 2026 WL 2058433, at \*1 (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020)). As such, "respondents have not met their burden 'to show cause why the writ should not be granted.'" *Id*. (quoting 28 U.S.C. § 2243).

This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g.*, *Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-03595-MBK, 2026 WL 2058437, at \*1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at \*4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). For the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on his due process claims.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner's re-detention violated due process. Accordingly, the Court ORDERS the following: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Kilmer Jonathan Magana-Calderon's (A# 214-530-559) immediate release subject to his prior conditions of supervision and prohibiting his re-detention absent pre-deprivation notice and a hearing where the Government must show changed circumstances warranting his detention; and (3) that Respondents file a status report within three (3) calendar days from the date of this order confirming Petitioner's release and compliance with this order.

Dated: July 30, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

6